**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| INTELLIGENT INVESTMENT | ) | |
| INTERNATIONAL LLC, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:17-CV-05296-RWS |
| EMILY FU, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**INTERVENOR-DEFENDANT SERVISFIRST BANK'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Intervenor defendant ServisFirst Bank ("ServisFirst") answers the Plaintiffs' Second Amended Complaint (the "Complaint") as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

2.    Admitted

3.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

1

4.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

5.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

6.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

7.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

8.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

9.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

10.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

11.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

12.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

13.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

14.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

15.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

16.     Denied.

17.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

18.    Denied.

19.    Denied.

## II.    FACTUAL BACKGROUND

### A. BACKGROUND

20.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

21.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

22.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

23.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

24.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

25.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

26.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

27.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

28.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

29.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

## B. <u>COMMERCIAL REAL ESTATE INVESTMENTS</u>

30.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

31.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

32.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

33.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

## 1. <u>INTELLIGENT INVESTMENT INTERNATIONAL LLC</u>

34-47.    The allegations set forth in paragraphs 34 to 47 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit

or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

## 2.  **BRANNON CROSSING PARTNERS LLC**

48.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

49.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

50.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

51.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

52.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

53.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

54.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

55.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

56.     ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 3.  <u>WALKS AT JOHNS CREEK PARTNERS LLC</u>

57-71.     The allegations set forth in paragraphs 57 to 71 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 4.  **WINWARD MARKET FOREST LLC**

72-87.     The allegations set forth in paragraphs 72 to 87 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 5.  **PALISADES WEST PACES PARTNERS LLC**

88-102.  The allegations set forth in paragraphs 88 to 102 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 6.  **GII SPALDING PLAZA LLC**

103-111.  The allegations set forth in paragraphs 103 to 111 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit

or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 7. <u>COOPER VILLAGE PARTNERS LLC</u>

112-127.  The allegations set forth in paragraphs 112 to 127 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 8. <u>PEACHTREE MED BUILDING PARTNERS LLC</u>

128-142.  The allegations set forth in paragraphs 128 to 142 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 9. <u>EASTSIDE MED PARTNERS LLC</u>

143-154.  The allegations set forth in paragraphs 143 to 154 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such

do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### C. **MISAPPROPRIATION OF ASSETS**

155-156.  The allegations set forth in paragraphs 155 to 156 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 1.  **PERSONAL USE OF COMPANY FUNDS**

157-164.  The allegations set forth in paragraphs 157 to 164 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

## 2.  <u>UNAUTHORIZED LOANS</u>

165.  ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

166.  ServisFirst admits that Brannon Crossing Partners LLC, through its authorized agent, took out a loan from Touchmark in the principal amount of $6,000,000 for which the Shoppes at Brannon was provided as security.  To the extent that any of the remaining allegations set forth in this paragraph relate in some way to the Brannon Crossing loan, ServisFirst denies those allegations and demands strict proof thereof.

167.  ServisFirst admits that Touchmark made the Brannon Crossing loan. ServisFirst is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

168.  Upon information and belief, ServisFirst admits that Stacy Cook was an employee of Touchmark. SevisFirst denies that the Brannon Crossing loan was unauthorized.  ServisFirst is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

### b   The Shoppes at Brannon

169.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

170.   ServisFirst denies that the $6 million security deed was unauthorized. ServisFirst is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

171.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

172.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

173.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

174.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

175.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

176.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

177.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

178.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

179.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

180.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

181.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

182.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

183.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

184.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

185.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

186.   Admitted.

### c   **Spalding Plaza**

187-203.   Although Brannon Crossings is mentioned in paragraph 202 of the Complaint, it appears from the context that this should have been a reference to GII Spalding.   Assuming that to be the case, the allegations set forth in paragraphs 187 to 203 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 3.   **GHOST PROPERTIES**

204.   The allegations set forth in this paragraph of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

### a.    SUGARLOAF CENTER

205-210.  The allegations set forth in paragraphs 205 to 210 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### b.    NORTH ATLANTA PRIMARY CARE

211-215.  The allegations set forth in paragraphs 211 to 215 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### c.    EASTSIDE BUILDING

216-221.  The allegations set forth in paragraphs 216 to  of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit

or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

## 4.  PURCHASE PRICE DISCREPANCIES

222.   The allegations set forth in paragraph 222 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

### a.   MARKET FOREST SHOPS

223-225.   The allegations set forth in paragraphs 223 to 225 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### b.   COOPER RETAIL CENTER

226-228.   The allegations set forth in paragraphs 223 to 225 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan

and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### c. **PEACHTREE CORNERS**

229-231.    The allegations set forth in paragraphs 229 to 231 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 5. **TOUCHMARK'S ILLEGAL KICKBACK AGREEMENT WITH EMILY FU AND CAPITAL INVESTMENT**

232-235.    The allegations set forth in paragraphs 232 to 235 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### a. __INTELLIGENT__

236-246.   The allegations set forth in paragraphs 236 to 246 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### b. __BRANNON CROSSING__

247.   ServisFirst denies that the Brannon Crossing Loan was an unauthorized loan.   ServisFirst admits the remaining allegations in this paragraph of the Complaint.

248.   ServisFirst states that the Dorough affidavit speaks for itself and denies any characterization of the affidavit that is inconsistent therewith.   ServisFirst admits that the Dorough affidavit states that lender fees "commonly range from 0.5% to 1%." ServisFirst admits that Touchmark collected a loan fee of 1% on the Brannon Crossing Loan and an additional broker fee of 1.5%. ServisFirst denies the remaining allegation of this paragraph of the Complaint.

249.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

250.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

251.   Paragraph 251 of Plaintiffs' Complaint sets forth legal conclusions, which ServisFirst is not required to admit or deny.

252.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

253.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

254.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

255.   The allegations set forth in paragraph 255 of the Complaint relating to GII Spalding do not appear to relate to any claim regarding the Brannon Crossing

loan and as such do not pertain to ServisFirst.  ServisFirst is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph of the Complaint and therefore denies those allegations and demands strict proof thereof.

256.   The first sentence of Paragraph 256 of Plaintiffs' Complaint sets forth legal conclusions, which ServisFirst is not required to admit or deny.  ServisFirst is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph of the Complaint and therefore denies those allegations and demands strict proof thereof.

257.  ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

### c.  <u>OTHER LOANS</u>

258-263.  The allegations set forth in paragraphs 258 to 263 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 6.  **IMPROPER PAYMENTS OF PROFITS**

264.   The allegations set forth in paragraph 264 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

### a.   **JOHNS CREEK**

265-268.   The allegations set forth in paragraphs 265 to 268 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### b.  **WINDWARD MARKET**

269-272.   The allegations set forth in paragraphs 269 to 272 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient

to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### c.  **PALISADES**

273-276.     The allegations set forth in paragraphs 273 to 276 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### d.  **COOPER VILLAGE**

277-280.     The allegations set forth in paragraphs 277 to 280 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### e.  **PEACHTREE MED**

281-284.     The allegations set forth in paragraphs 281 to 284 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan

and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### 7.  OTHER IMPROPER USE OF COMPANY FUNDS

285.   The allegations set forth in this paragraph of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

### D.  DAMAGES

286.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

287.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

288.   The allegations set forth in this paragraph of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

289.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

## 1.  BUSINESS INTERRUPTION

290-294.     The allegations set forth in paragraphs 290 to 294 of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

## 2.  MONEY AND OTHER DAMAGES

295-299.    ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in these paragraphs of the Complaint and therefore denies the allegations and demands strict proof thereof.

### III.   CAUSES OF ACTION

### COUNT I

300.   ServisFirst incorporates its responses to Paragraphs 1 through 299 above as if fully stated herein.

301.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

302.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny

the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

303.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

304.   This paragraph sets forth a legal conclusion, which ServisFirst is not required to admit or deny.   To the extent this paragraph is deemed to set forth factual allegations, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

305.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny

the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

306.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

## COUNT II

307.   ServisFirst incorporates its responses to Paragraphs 1 through 306 above as if fully stated herein.

308.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

309.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

310.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

311.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny

the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

## COUNT III

312-318.   Count IV asserts claims only against the Fu Defendants; accordingly, the allegations in these paragraphs do not require a response by ServisFirst.

## COUNT IV

319-324.   Count IV asserts claims only against the Capital Investment Defendants; accordingly, the allegations in these paragraphs do not require a response by ServisFirst.

## COUNT V

325-331.   Count V asserts claims only against Emily Fu; accordingly, the allegations in these paragraphs do not require a response by ServisFirst.

## COUNT VI

332.   ServisFirst incorporates its responses to Paragraphs 1 through 331 above as if fully stated herein.

333.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon

Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

334.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

335.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

336.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

## COUNT VII

337-342.    Count VII asserts claims only against the Capital Investment Defendants; accordingly, the allegations in these paragraphs do not require a response by ServisFirst.

## COUNT VIII

343-350.    Count VIII asserts claims only against the Fu Defendants; accordingly, the allegations in these paragraphs do not require a response by ServisFirst.

## COUNT IX

351-354.    Count IX asserts claims only against Emily Fu; accordingly, the allegations in these paragraphs do not require a response by ServisFirst.

## COUNT X

355-364.   Count X asserts claims only against the Fu Defendants; accordingly, the allegations in these paragraphs do not require a response by ServisFirst.

## COUNT XI

365.   ServisFirst incorporates its responses to Paragraphs 1 through 364 above as if fully stated herein.

366.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing or GII Spalding Loans.  To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

367.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing or GII Spalding Loans.  To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit

or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

368.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing or GII Spalding Loans.  To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

## **<u>COUNT XII</u>**

369.   ServisFirst incorporates its responses to Paragraphs 1 through 368 above as if fully stated herein.

370.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

371.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing Loan.   To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

## COUNT XIII

372.   ServisFirst incorporates its responses to Paragraphs 1 through 371 above as if fully stated herein.

373.   ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

374.   The allegations set forth in this paragraph of the Complaint do not appear to relate to any claim regarding the Brannon Crossing loan and as such do not pertain to ServisFirst. To the extent that such allegations relate in some way to the Brannon Crossing loan, ServisFirst is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

375.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing or GII Spalding Loans.  To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

376.   The allegations in this paragraph regarding the GII Spalding Loan are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst has no involvement with or interest in that Loan.  ServisFirst is without knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

377.   The allegations in this paragraph regarding the GII Spalding Loan are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst has no involvement with or interest in that Loan.  ServisFirst denies the remaining allegations set forth in this paragraph of the Complaint.

378.   The allegations in this paragraph regarding the GII Spalding Loan are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst

has no involvement with or interest in that Loan.  ServisFirst denies the remaining allegations set forth in this paragraph of the Complaint.

379.   The allegations in this paragraph regarding the GII Spalding Loan are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst has no involvement with or interest in that Loan.  ServisFirst denies the remaining allegations set forth in this paragraph of the Complaint.

380.   The allegations in this paragraph regarding the GII Spalding Loan are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst has no involvement with or interest in that Loan.  ServisFirst denies the remaining allegations set forth in this paragraph of the Complaint.

381.   The allegations in this paragraph regarding the GII Spalding Loan are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst has no involvement with or interest in that Loan.  ServisFirst denies the remaining allegations set forth in this paragraph of the Complaint.

382.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing or GII Spalding Loans.  To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit

or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

## COUNT XIV

383.   ServisFirst incorporates its responses to Paragraphs 1 through 382 above as if fully stated herein.

384.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing or GII Spalding Loans.  To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

385.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing or GII Spalding Loans.  To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

386.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing or GII Spalding Loans.  To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

387.   The allegations in this paragraph regarding the GII Spalding Loan are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst has no involvement with or interest in that Loan.  ServisFirst denies the remaining allegations set forth in this paragraph of the Complaint.

388.   The allegations in this paragraph regarding the GII Spalding Loan are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst has no involvement with or interest in that Loan.  ServisFirst denies the remaining allegations set forth in this paragraph of the Complaint.

389.   ServisFirst admits that an actual controversy exists between and among the parties but denies the remaining allegations set forth in this paragraph of the Complaint.

390.   Admitted.

391.   This paragraph sets forth a legal conclusion, which ServisFirst is not required to admit or deny.

392.   ServisFirst denies that Plaintiffs are entitled to the relief requested.

## **COUNT XV**

393.   ServisFirst incorporates its responses to Paragraphs 1 through 392 above as if fully stated herein.

394.   Denied.

395.   Denied.

396.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst.

397.   ServisFirst denies that Plaintiffs are entitled to the relief requested.

## **COUNT XVI**

398.   ServisFirst incorporates its responses to Paragraphs 1 through 397 above as if fully stated herein.

399.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing or GII Spalding Loans.  To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit

or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

## COUNT XVII

400.   ServisFirst incorporates its responses to Paragraphs 1 through 399 above as if fully stated herein.

401.   The allegations in this paragraph are not directed to ServisFirst and do not require a response by ServisFirst as ServisFirst was not involved in the activities referenced in this paragraph and had no involvement in the making of the Brannon Crossing or GII Spalding Loans.  To the extent that ServisFirst is required to respond to these allegations, ServisFirst states that it is without knowledge sufficient to admit or deny the allegations set forth in this paragraph of the Complaint and therefore denies the allegations and demands strict proof thereof.

402.   Denied.

ServisFirst denies that Plaintiffs are entitled to the relief requested in the unnumbered paragraph.

## AFFIRMATIVE DEFENSES

1.  The Court lacks subject matter jurisdiction over this action.

2. Plaintiffs' claims with respect to the Brannon Crossing Loan are barred by the doctrines of estoppel, including without limitation, the doctrines of equitable estoppel and promissory estoppel.

3. The individual who executed the Brannon Crossing Loan documents had actual authority, implied authority, or apparent authority to do so.

4. Plaintiffs waived the claims they have asserted with respect to the Brannon Crossing Loan.

5. Plaintiffs' claims with respect to the Brannon Crossing Loan are barred by their own negligence.

6. Plaintiffs are not entitled to preliminary injunctive relief because they cannot satisfy the requirements for such relief.

7. Plaintiffs have unclean hands.

8. Plaintiffs' claims are barred by the doctrine of *in pari delicto.*

9. Plaintiffs have an adequate remedy at law.

10. Plaintiffs have failed to mitigate their damages.

Respectfully submitted this 2nd day of July, 2018,

s/ A. Michelle Canter
A. Michelle Canter

Attorneys for ServisFirst Bank

A. Michelle Canter (GA Bar No. 108097)
Bradley Arant Boult Cummings LLP
4720 Peachtree Industrial Blvd. #106
Norcross, GA 30071
Telephone: (205) 521-8650
Fax: (205) 521-8800
mcanter@bradley.com

David G. Hymer, application for admission *pro hac vice* pending
Anna M. Manasco, application for admission *pro hac vice* pending
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
dhymer@bradley.com
amanasco@bradley.com

## LOCAL RULE 5.1 CERTIFICATION

I hereby certify that the foregoing Answer has been prepared in Times New Roman 14 point font in accordance with Local Rule 5.1.

Respectfully submitted this 2nd day of July, 2018,

s/ A. Michelle Canter
_____
A. Michelle Canter

## CERTIFICATES OF SERVICE

I hereby certify that on July 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons by e-mail:

Jamila Marjani Hall
Jennifer Bunting-Graden
Natalie Williams
Edward Kenrick Smith
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
jhall@jonesday.com
jbuntinggraden@jonesday.com
nwilliams@jonesday.com
eksmith@jonesday.com

***Attorneys for Plaintiffs***

Paul Stephen Kish
KISH & LIETZ, P.C.
1700 South Tower
225 Peachtree Street, N.E.
Atlanta, GA 30303
pkish@kishandlietz.com

***Attorney for Defendant Emily Fu***

William James Piercy
BERMAN FINK VAN HORN, P.C.
3475 Piedmont Road, N.E.
Suite 1100
Atlanta, GA 30305
bpiercy@bfvlaw.com

***Attorney for Jacob Fu and Joshua Fu***

Dennis J. Webb, Jr.
Edward D. Burch, Jr.
SMITH GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade
1230 Peachtree Street, N.E.
Atlanta, GA 30309-3592
dwebb@sgrlaw.com
eburch@sgrlaw.com

Katarzyna Anna Hebda
Thomas Edward Reilly
TROUTMAN SANDERS, LLP
Bank of America Plaza, Suite 3000
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
kasia.hebda@troutmansanders.com
thomas.reilly@troutmansanders.com

Kevin Quirk
QUIRK & QUIRK, LLC
Suite 300
Century Springs West
6000 Lake Forest Drive, N.W.
Atlanta, GA 30328
kq@quirklaw.com

***Attorneys for Defendant***
***Touchmark National Bank***

I hereby certify that on July 2, 2018, I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

| | |
|---|---|
| Capital Investment International, Inc.<br>c/o Emily Fu, Registered Agent<br>1300 Peachtree Boulevard<br>Suite 3209<br>Suwanee, GA 30024 | Nina Xu<br>1300 Peachtree Industrial Blvd.<br>Suite 3209<br>Suwanee, GA 30024 |

s/ A. Michelle Canter
A. Michelle Canter